RICHARD L. DAVEY, APPELLANT, v. DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, A CORPORATION, AND LEHIGH VALLEY RAILROAD COMPANY, A CORPORATION, JOINTLY, SEVERALLY OR IN THE ALTERNATIVE, RESPONDENTS.

Argued May 21, 1928—Decided October 15, 1928.

For the appellant, *Lichtenstein, Schwartz & Friedenberg* and *John H. Kelley*.

For the respondents, *Autenreith, Gannon & Wortendyke*.

The opinion of the court was delivered by

KATZENBACH, J. Richard L. Davey, the appellant, instituted an action to recover damages for personal injuries re-

ceived by him. The defendants were the Delaware, Lackawanna and Western Railroad Company and the Lehigh Valley Railroad Company. The plaintiff alleged that the defendants, or one of them, owned a tugboat or ship known as the "Auburn," which was on navigable waters near a repair yard of the defendants located at West Brighton, Staten Island, New York; that he was a pipe-fitter engaged in the repair of said vessel; that while so engaged he was injured by the appliances and instrumentalities furnished by the defendants, and that said injury was due to the negligent failure to supply him with proper instrumentalities for his work and the failure to use reasonable care in the inspection thereof. The plaintiff inferentially alleged that he was engaged in interstate commerce. The defendant moved to strike out the complaint. The ground of the motion was that the cause of action was for a maritime tort and such an action is cognizable exclusively in admiralty, and the Supreme Court has no jurisdiction to entertain an action of this nature. The motion was granted. An order was entered striking out the complaint and dismissing the cause of action. From this order, which is in the nature of a final judgment, the plaintiff below has appealed. The only question for our decision is whether the Supreme Court has jurisdiction to entertain the cause of action alleged by the plaintiff.

This question, directly or indirectly, and in one form or another, has received the consideration of the courts of this state in a number of cases. In *Coon* v. *Kennedy,* 91 *N. J. L.* 100 (affirmed by this court in 91 *N. J. L.* 598), the deceased was a fireman on a tugboat which sank causing the death of the deceased by drowning. His widow invoked the Workmen's Compensation act. The Supreme Court held she was not entitled to compensation as admiralty jurisdiction was exclusive. In the appeal to this court the amendment of October 6th, 1917, saving rights under the Compensation act, was invoked. This court held that the amendment was not retroactive and affirmed the Supreme Court. The United States Supreme Court took the same view as to the amendment not being retroactive. *Peters* v. *Veasey,* 40 *Sup. Ct. Rep.* 65. Later, the amendment of October 6th, 1917, in

*Knickerbocker Ice Co.* v. *Stewart,* 40 *Id.* 438, was held by the United States Supreme Court unconstitutional.

In *O'Brien* v. *Scandinavian American Line,* 94 *N. J. L.* 244, a workman sustained fatal injuries on a vessel tied to a wharf at Hoboken. The widow and the company entered into an agreement to pay compensation in a stipulated amount believing the Compensation law applied. The defendant repudiated the agreement upon finding the Compensation act did not apply. This court held the accident was within the exclusive maritime jurisdiction of the federal courts, and the October, 1917, amendment not retroactive, but the contract valid and sustained the judgment based upon it. In these two cases appears no suggestion that any other remedy except by way of the Workmen's Compensation act could be pursued in a state court. In *Bockhop* v. *Phœnix Transit Co.,* 97 *Id.* 514, the plaintiff was painting on a floating ferryboat. He sued his master to recover damages for injuries received. The complaint was struck out. In this court the opinion in the case was to the effect that the occurrence was either a maritime tort or it was not. If it was, the federal courts had sole jurisdiction. If not, the plaintiff by failing to give notice under the Workmen's Compensation act had elected to adopt the compensatory features of the act and was barred from recovery at common law.

In *March* v. *Vulcan Iron Works,* 102 *N. J. L.* 337, the deceased was climbing a ladder to board a vessel in a floating dry dock when he fell and was killed. Proceedings under the Workmen's Compensation act were instituted. This court held that no recovery could be had under this act. Thus, in the Bockhop case, this court held that no suit could be instituted in a state court at common law, and in the March case that one cannot sue in a state court under the Workmen's Compensation act. In both these cases the employes were mechanics having no essentially marine employment.

Later, the case of *Tucillo* v. *John T. Clark & Son,* 104 *N. J. L.* 122, was decided in this court. The right of the plaintiff to maintain his action was upheld. The opinion, however, expressly states that it rests upon the plaintiff being

a stevedore. A stevedore is under the decision of the federal courts held to be a seaman. To seamen a remedy is given by the Seamen's act in either the admiralty or state courts. This case, because of these special features, has no bearing upon the case under review.

Prior to the enactment of the Workmen's Compensation act the law was that a maritime tort of the nature of the one sued on in the present case could be sued on at common law or in an admiralty court at the option of the injured party. *The Hamilton,* 207 *U. S.* 398. When, however, the Workmen's Compensation act was enacted an employe was deprived of his common law remedy in a state court, except where notice of refusal had been given by the employe according to the provision of the statute. *March* v. *Vulcan Iron Works, supra.* The appellant contends that in the judicial code of the United States, as contained in subdivision 3 of section 991 (1 *U. S. C. S.* 1916, *anno. p.* 764), by which federal courts are given exclusive original congnizance of all civil causes of admiralty and maritime jurisdiction, appear the words "saving to suitors in all cases the right of a common law remedy, where the common law is competent to give it," and that these words leave open the common law jurisdiction of the Supreme Court to entertain the case at bar. The difficulty we have with this argument is that the Federal Employers' Liability act, under which the case at bar was instituted, is not a common law remedy, but a pure statutory remedy created to meet the exigencies of modern industrial life. It is in derogation of the common law and supersedes state law in respect of the circumstances and relationships within its scope. *Southern Pacific Co.* v. *Jenson,* 244 *U. S.* 205.

Our attention has been called to the case of *Messel* v. *Foundation Co.,* 47 *Sup. Ct. Rep.* 695. The conditions of the accident were similar to the case at bar. The plaintiff was neither a seaman nor a stevedore. He sued as at common law in the State court of Louisiana and was refused compensation or common law relief on the ground that the tort was purely maritime. The case was taken to the United States Supreme

Court. That court seized upon a provision in the Louisiana code reading, "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it," and followed the Supreme Court of Louisiana (*Gray* v. *Dry Dock Co.* 84 *S. Rep.* 109) in holding that this provision is tantamount to the common law, and as the Louisiana Workmen's Compensation act does not bar a suit for damages against another for a maritime tort there can be recovery for a maritime tort as at common law in a state court.

Accepting this decision as binding upon this court if there be statutes of this state similar to those in Louisiana, we have examined the Workmen's Compensation act to see whether it is exclusive of other forms of remedy. Is the common law now competent in New Jersey to give a remedy in the case under consideration? An examination of the Workmen's Compensation act of this state discloses that section 1 of the act has no application. Paragraph 7 of the act provides that when employers and employes shall by agreement, either express or implied, or as hereinafter provided, accept the provisions of section 2 of this act, compensation for personal injuries to or for the death of such employe by accident arising out of and in the course of his employment shall be made by his employer without regard to the negligence of the employer according to the schedule contained in paragraph 11, * * * &c. Paragraph 8 provides that such agreemeent shall be a surrender by the parties thereto of their rights to any other method, form or amount of compensation or determination thereof, than as provided in section 2 of this act, and an acceptance of all the provisions of section 2 of this act, and shall bind the employe himself * * * as well as the employer * * *. Section 9, in effect, provides that every contract or hiring shall be presumed to have been made with reference to the provisions of section 2. There is nothing so far as we can find in this act which contains a similar provision to the Louisiana code hereinbefore recited. For these reasons we are of the opinion that the case of *Messel* v. *Foundation Co., supra,* has no application to the present case.

Upon the authority of *Bockhop* v. *Phœnix Transit Co.,* *supra,* and *March* v. *Vulcan Iron Works, supra,* we think the order striking out the plaintiff's complaint was proper. The judgment of the Supreme Court is, accordingly, affirmed, with costs.

*For affirmance*—TRENCHARD, PARKER, MINTURN, KATZENBACH, WHITE, MCGLENNON, KAYS, HETFIELD, DEAR, JJ.   9.

*For reversal*—BLACK, CAMPBELL, LLOYD, VAN BUSKIRK, JJ.   4.